IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37242-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EDWARD RAYMOND CRUZ, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Edward Cruz challenges the sufficiency of evidence to convict him

of third degree assault. He contends the State failed to provide sufficient evidence that

the victim of the assault was a certified health care provider. We disagree and affirm his

conviction. We grant Cruz's other requests to amend his judgment and sentence.

FACTS

On the afternoon of July 3, 2019, Richland Police Department officers went to

Columbia Park in response to calls about a missing swimmer. On arrival, officers learned

from a witness that an intoxicated male swam into the Columbia River and disappeared.

Law enforcement officers found clothing, shoes, and a wallet on the shoreline. The

officers also discovered Edward Cruz's identification card. Police officers combed the

shore and, unable to locate Cruz, requested aid from the Richland Fire Department and the Benton County Sheriff's Office. Members of the sheriff's dive and rescue team and city fire department emergency medical technicians (EMTs) responded.

Richland police officers, Richland emergency medical technicians, and a sheriff deputy saw Edward Cruz on the other side of the Columbia River. Emergency responders crossed the river by boat and approached Cruz. Cruz had difficulty standing and slurred his speech. Cruz resisted rescue and announced a desire to swim across the Mighty Columbia again and back to his shore of origin. Responders eventually persuaded him to return by boat.

After crossing the river and on arrival at a marina, Richland Fire Department emergency medical technicians escorted Edward Cruz onto the dock. The EMTs intended to check on his welfare. Cruz shoved EMT Christopher Willette from behind and knocked him to the ground. Willette nearly landed in the river and lost his first aid bag to the river. Law enforcement officers arrested Cruz. Cruz grew hostile, hurled verbal insults at officers, and kicked the door of a police patrol car.

PROCEDURE

The State of Washington charged Edward R. Cruz with third degree assault. The State alleged that Cruz assaulted a health care provider, during the provider's duties as a provider, in order to raise the level of assault to third degree under RCW 9A.36.031(1)(i). Cruz waived his right to trial by jury.

2

During trial, Christopher Willette testified that he worked as a firefighter and emergency medical technician for the city of Richland. He averred that he is a certified EMT and his certification was valid on July 3, 2019. On July 3, he was on duty and responding to a water rescue call.

During closing argument, the prosecuting attorney emphasized Christopher Willette's status as a certified healthcare provider and Willette's performance of duties as a provider at the time of being shoved by Edward Cruz. During closing, defense counsel argued that the State failed to prove that Willette was a healthcare provider as defined for purposes of third degree assault. Counsel intoned:

> Case law is very clear that a person charged under that [RCW 9A.36.031(1)(i)], there is a requirement that the State put forward evidence to establish that the person is actually a nurse, physician, or healthcare provider under Title 18. There was no evidence that this gentleman is certified under Title 18 and we would ask that you find my client not guilty.

Report of Proceedings (Oct. 8, 2019) at 9. Defense counsel astutely cited *State v. Gray*, 124 Wn. App. 322, 102 P.3d 814 (2004) in her argument. In *State v. Gray*, the Washington Court of Appeals held that the State failed to meet its burden of proof under RCW 9A.36.031 to show that the victim in the prosecution was a health care provider.

After Edward Cruz's defense counsel cited *State v. Gray*, the trial court recessed to review the *Gray* decision. After returning to the bench, the court commented that, in *Gray*, the State failed to introduce evidence that a nurse's assistant was a certified health care provider, an element of the crime of third degree assault under RCW 9A.36.031.

3

Cruz's trial judge also mentioned that the trial court, in *State v. Gray*, failed to instruct the jury with a definition of "health care provider."

In its ruling, Edward Cruz's trial court distinguished Cruz's prosecution from Darwin Gray's prosecution in that Cruz's prosecution involved a bench trial, while Gray's prosecution entailed a jury trial with jury members unfamiliar with the definition of a "health care provider." Cruz's trial judge announced that she reviewed the statutory definition of "health care provider." The judge commented that Title 18 RCW referenced an emergency medical technician. The court recognized that Christopher Willette testified to being an emergency medical technician with a current certification who, at the time of the assault, responded to a water rescue call. The trial court concluded that the State proved the elements of the crime beyond a reasonable doubt and convicted Edward Cruz of third degree assault.

At the sentencing hearing, defense counsel stated that Edward Cruz received social security disability benefits. At the conclusion of the hearing, the trial court imposed costs of only the mandatory obligation of a $500 crime victim assessment. The sentencing court commented that, because of Cruz's financial condition, it would not impose discretionary legal financial obligations. In the community custody section of the judgment and sentence, however, the trial court ordered Cruz to "pay supervision fees as determined by [Department of Corrections]." Clerk's Papers at 10.

LAW AND ANALYSIS

On appeal, Edward Cruz challenges both his conviction and his sentence. He contends insufficient evidence supports his conviction for third degree assault of a health care provider. He argues that, assuming this court affirms his conviction, this court should direct the sentencing court to amend his judgment and sentence to reflect that the State cannot collect his legal financial obligations from his social security income and to strike the community custody condition of paying supervision fees.

Conviction

Edward Cruz contends that the State failed to prove that Christopher Willette was a "health care provider" within the meaning of RCW 9A.36.031(1)(i), the third degree assault statute. Cruz highlights that, while Christopher Willette testified he is a certified emergency medical technician, he did not aver that he was certified, licensed, or regulated under Title 18 RCW or any other government licensing scheme.

In every criminal prosecution, due process requires that the prosecution prove beyond a reasonable doubt every fact necessary to constitute the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). When we review a claim of insufficiency of evidence, we determine whether the evidence would justify a rational trier of fact in finding the accused guilty beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220, 616 P.2d 628 (1980). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all inferences that can be reasonably

drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The

elements of a crime may be established by either direct or circumstantial evidence, and

one type of evidence is no more valuable than the other. *State v. Gray*, 124 Wn. App.

322, 324 (2004). Inferences based on circumstantial evidence must be reasonable and

cannot be based on speculation. *State v. Vasquez*, 178 Wn.2d 1, 16, 309 P.3d 218 (2013).

The State charged Edward Cruz with third degree assault of a health care provider

under RCW 9A.36.031. The statute declares:

> (1) A person is guilty of assault in the third degree if he or she, under
> circumstances not amounting to assault in the first or second degree:
> . . . .
> (i) Assaults a nurse, physician, or health care provider who was
> performing his or her nursing or health care duties at the time of the assault.
> For purposes of this subsection: "Nurse" means a person licensed under
> chapter 18.79 RCW; "physician" means a person licensed under chapter
> 18.57 or 18.71 RCW; and *"health care provider" means a person certified
> under chapter 18.71 or 18.73 RCW who performs emergency medical
> services* or a person regulated under Title 18 RCW and employed by, or
> contracting with, a hospital licensed under chapter 70.41 RCW.

Under RCW 9A.36.031(1)(i), the victim being a "health care provider" is an essential

element of third degree assault. *State v. Gray*, 124 Wn. App. 322, 325 (2004).

As indicated in RCW 9A.36.031(1)(i), chapter 18.73 RCW addresses health care

providers other than nurses or physicians. RCW 18.73.030 defines "emergency medical

service" and "emergency medical technician." "Emergency medical service" means:

> medical treatment and care which may be rendered at the scene of
> any medical emergency or while transporting any patient in an ambulance

to an appropriate medical facility, including ambulance transportation between medical facilities.

RCW 18.73.030(10). "Emergency medical technician" means:

[A] person who is authorized by the secretary to render emergency medical care pursuant to RCW 18.73.081 or, under the responsible supervision and direction of an approved medical program director, to participate in a community assistance referral and education services program established under RCW 35.21.930 if the participation does not exceed the participant's training and certification.

RCW 18.73.030(12).

Statutory provisions within chapter 18.73 RCW demonstrate the legislature's

intent to provide unified regulation of emergency responders.

The legislature finds that a statewide program of emergency medical care is necessary to promote the health, safety, and welfare of the citizens of this state. *The intent of the legislature is to assure minimum standards and training for first responders and emergency medical technicians*, and minimum standards for ambulance services, ambulances, aid vehicles, aid services, and emergency medical equipment.

RCW 18.73.010 (emphasis added). RCW 18.73.020 provides for the superseding

of local regulations, stating:

**Supersession of local regulation.**
The legislature further declares its intention to supersede all ordinances, regulations, and requirements promulgated by counties, cities and other political subdivisions of the state of Washington, insofar as they may provide for the regulation of emergency medical care, first aid, and ambulance services which do not exceed the provisions of this chapter; except that (1) license fees established in this chapter shall supersede all license fees of counties, cities and other political subdivisions of this state; and, (2) nothing in this chapter shall alter the provisions of RCW 18.71.200, 18.71.210, and 18.71.220.

Edward Cruz advocates that *State v. Gray*, 124 Wn. App. 322 (2005) controls his appeal. In that decision, this court held that the State provided insufficient evidence to show that a nurse's assistant, Jennifer Scheel, was a health care provider under RCW 9.36.031(1)(h), recodified as RCW 9.36.031(1)(i). The State charged Darwin Gray with third degree assault for biting the finger of the nurse's assistant. The trial court refused to instruct the jury on the definition of a "health care provider" under RCW 9A.36.031. The jury, therefore, did not know that a "health care provider" was one "certified under chapter 18.71 or 18.73 RCW who performs emergency medical services or a person regulated under Title 18 RCW and employed by, or contracting with, a hospital licensed under chapter 70.41." *State v.* Gray, 124 Wn. App. 322, 324 (2005) (quoting former RCW 9A.36.031(1)(h) (1999)). This court reasoned that, because of the omission of an instruction defining the term, the State was relieved of proving that Gray bit the finger of a "health care provider" as defined and required under the statue. This court commented:

> When a question is presented involving these definitions, an explanatory instruction should be crafted.

*State v. Gray*, 124 Wn. App. at 325.

In *State v. Gray*, the State presented testimony that Jennifer Scheel worked for Sacred Heart Medical Center as a nursing assistant. She testified that she held a certification from the State of Washington. In our ruling, however, we underscored that the State presented no testimony that Scheel was certified under Title 18 RCW. The

8

State also produced no testimony about the statutory scheme, under which she was certified. Furthermore, the State failed to supply evidence that Sacred Heart Medical Center was licensed under chapter 70.41 RCW.

Edward Cruz argues that Christopher Willette, when testifying, did not supply the trial court any information about his credentials as a health care provider beyond the testimony provided by Jennifer Scheel in *State v. Gray*. To repeat, Willette testified that he is a certified emergency medical technician, but he did not mention whether his certification fell under Title 18 RCW. Willette did not even mention whether his certification came from the State of Washington, so his testimony fell short of the testimony of Scheel.

We distinguish *State v. Gray* in that Edward Cruz submitted to a bench trial. The trial court placed before it the relevant statutes and knew that it must find that Christopher Willette met the definition of a "health care provider" as defined in RCW 9A.36.031(1)(i). In *Gray*, the jury lacked these definitions, and this court ruled that the trial court should have instructed the jury with the definitions. Obviously, a trial court, sitting in a bench trial, does not need a jury instruction to establish what law to apply.

The State of Washington references RCW 18.73.020 and argues that any certification held by Christopher Willette must have originated from the State of Washington under chapter RCW 18.73. In reply, Edward Cruz argues that nothing in chapter RCW 18.73, let alone RCW 18.73.010 and .020, the supersession statute,

9

prohibits another governing authority from certifying emergency medical technicians. The question of whether Washington law allows another authority to certify emergency medical technicians, however, is a matter of law. By reviewing the law, the trial court could determine that there is no other certification scheme for emergency medical technicians other than chapter 18.73 RCW.

Edward Cruz next contends that RCW 18.73.030(12) defines an "emergency medical technician" to include a person authorized, "under the responsible supervision and direction of an approved medical program director, to participate in a community assistance referral and education services program established under RCW 35.21.930 if the participation does not exceed the participant's training and certification." According to Cruz, by the language of the definition, an emergency medical technician can include a person not certified under chapter 18.73 RCW. This argument misses the point, however. Whereas one might be an emergency medical technician without certification under the definition, one obviously is an emergency medical technician under the definition if certified. Christopher Willette testified to his certification.

In short, the State presented evidence that Christopher Willette is a certified emergency medical technician who works for the city of Richland and responded to a water rescue call. Willette testified that his certification was valid on the day he responded to a call for a water rescue. The State met its burden of proof.

SUPERVISION FEES

Edward Cruz contends that the judgment and sentence should not include community supervision fees because the sentencing court expressed an intent to waive all discretionary obligations. The State agrees that the inclusion of the fees is error and proposes to strike the relevant language. We accept the State's concession.

Pursuant to RCW 9.94A.703(2), a sentencing court may waive certain community conditions. The statute provides:

> *Unless waived* by the court, as part of any term of community custody, the court shall order an offender to:
> . . . .
> (d) Pay supervision fees as determined by the department.

(Emphasis added.) This court recently ruled that the sentencing court may waive supervision fees because of their discretionary nature. *State v. Dillon*, 12 Wn. App. 2d 133, 152, 456 P.3d 1199, *review denied*, 195 Wn.2d 1022, 464 P.3d 198 (2020). In *State v. Dillon*, this court ordered that, on remand, the sentencing court strike the supervision fees from the judgment and sentence since the record supported the trial court's intent to impose only mandatory legal financial obligations. *State v. Dillon*, 12 Wn. App. 2d at 152.

Edward Cruz's sentencing court stated that it would impose only mandatory fines. We therefore repeat our directions from *State v. Dillon*.

Social Security Benefits

Edward Cruz asks this court to remand for an amendment of the judgment and sentence that would add language prohibiting satisfaction of the $500 victim penalty assessment from social security funds. The State agrees. We also agree.

Benefits obtained from social security may not be used to satisfy legal financial obligations. 42 U.S.C. § 407(a); *State v. Catling*, 193 Wn.2d 252, 260, 438 P.3d 1174 (2019). Based on this ruling, we remand for the following language to be added to the judgment and sentence: "Any legal financial obligations ordered herein may not be satisfied out of any funds subject to 42 USC 407(a)."

STATEMENT OF ADDITIONAL GROUNDS

Edward Cruz submits a statement of additional grounds for review. He contends that law enforcement unlawfully placed him under arrest at the time they rescued him and failed to inform him then of the charges against him. The record does not support Cruz's contentions. The first responders believed Cruz to be intoxicated at the time they contacted him. He had slurred speech and difficulty standing. He informed them of his plan to return to the marina by swimming. The record does not suggest that first responders arrested or forced him into the boat. Instead, Cruz eventually agreed to cross the river by boat. Officers arrested Cruz only after he assaulted Christopher Willette.

CONCLUSION

We affirm Edward Cruz's conviction for third degree assault. We remand to the sentencing court to strike supervision fees as an obligation and to add language prohibiting collection of other obligations from Social Security benefits.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Staab, J.